Richard J. Reynolds, Esq.
Nevada Bar No. 11864
E-mail: rreynolds@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067
Tel: 949.863.3363 Fax: 949.863.3350

Phillip A. Silvestri (SBN 11276)
E-mail: psilvestri@silgid.com
Neal D. Gidvani (SBN 11382)
E-mail: ngidvani@silgid.com
SILVESTRI GIDVANI, P.C.
1810 East Sahara Avenue, Suite 1395
Las Vegas, NV 89104
Tel: 702.979.4597 Fax: 702.933.0647

Attorneys for Defendant, MTC FINANCIAL INC. dba TRUSTEE CORPS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MALCOLM AND SUZY HUNT,

Plaintiff,

vs.

MTC FINANCIAL, INC. DBA TRUSTEE CORPS, JPMORGAN CHASE BANK, N.A.

Defendants.

Case No. 3:14-cv-00359-MMD-WGC

**DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS' MOTION TO DISMISS WITH PREJUDICE THE PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant MTC FINANCIAL INC. dba TRUSTEE CORPS ("TRUSTEE CORPS"), by and through its counsel of record, moves the Court to Dismiss the Complaint including the First, Second, Third, and Fourth Causes of Action of Plaintiffs MALCOLM HUNT AND SUZY HUNT (collectively, "Plaintiffs") *with prejudice* for failure to state a claim upon which relief may be granted. This Motion is made and based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This Motion is based upon the Memorandum of Points and Authorities submitted herewith, and upon all pleadings, papers and documents on file herein, together with those matters of which judicial notice has been requested, and any oral argument which may be presented at the time of the hearing.

Dated: July 16, 2014

Burke, Williams & Sorensen, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067

By: */s/ Richard J. Reynolds*
Richard J. Reynolds
Attorneys for Plaintiff

Phillip A. Silvestri
Neal D. Gidvani
SILVESTRI GIDVANI, P.C.
1810 East Sahara Avenue, Suite 1395
Las Vegas, NV 89104

Attorneys for Defendant, MTC FINANCIAL INC., dba TRUSTEE CORPS

## TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 1
II. STATEMENT OF FACTS ..... 1
III. LEGAL ARGUMENTS ..... 3
A. LEGAL STANDARDS APPLICABLE TO MOTIONS TO DISMISS ..... 3
1. General Pleading Requirements ..... 3
2. Pleading Requirements for Fraud ..... 4
3. Construction of Exhibits Referred to in a Complaint or Attached to a Rule 12(b)(6) Motion ..... 5
B. TRUSTEE CORPS HAS NO DUTIES OTHER THAN THOSE SPECIFICALLY STATED IN THE DEED OF TRUST AND IN NEVADA'S NON-JUDICIAL FORECLOSURE STATUTES ..... 5
C. THE FIRST CLAIM FOR WRONGFUL FORECLOSURE, VIOLATION OF N.R.S. 107.087 FAILS AGAINST TRUSTEE CORPS ..... 6
1. Plaintiff Cannot State A Claim For Common Law Wrongful Foreclosure Against TRUSTEE CORPS ..... 6
2. Plaintiff Cannot State A Claim For Statutory Wrongful Foreclosure Against TRUSTEE CORPS ..... 7
3. There Is No Violation Of N.R.S. 107.087 ..... 7
D. THE SECOND CLAIM FOR VIOLATION OF N.R.S. 107.500 FAILS AGAINST TRUSTEE CORPS ..... 7
1. No Damage Claim Can Be Asserted Against Trustee Corps ..... 7
2. There Was No Material Violation of N.R.S. 107.500 By Trustee Corps ..... 8
3. Plaintiff's Claims For Attorneys' Fees Should Be Dismissed Against Trustee Corps ..... 8
E. THE THIRD CLAIM FOR VIOLATION OF N.R.S. 107.510 FAILS AGAINST TRUSTEE CORPS ..... 8
1. No Damage Claim Can Be Asserted Against Trustee Corps ..... 8
2. There Was No Material Violation of N.R.S. 107.510 By Trustee Corps ..... 9
3. Plaintiff's Claims For Attorneys' Fees Should Be Dismissed Against Trustee Corps ..... 10
F. THE FOURTH CLAIM FOR FRAUD FAILS AGAINST TRUSTEE CORPS ..... 10
IV. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**


Albrecht v. Lund, 845 F.2d 193 (9th Cir. 1988) .......... 11

Allen v. City of Beverly Hills, 911 F.2d 367 (9th Cir. 1990) .......... 11

Ashcroft v. Iqbal, 556 U.S. 662 (2008) .......... 4

Bell Atlantic v. Twombly, 550 U.S. 544 (2007) .......... 4

Carpenter v. FDIC (In re Carpenter), 205 B.R. 600 (9th Cir. BAP 1997) .......... 5

Clegg v. Cult Awareness Network, 18 F.3d 752 (9th Cir. 1994) .......... 3

Destfino v. Reiswig, 630 F.3d 952 (9th Cir. 2011 .......... 10

Fecht v. Price Co., 70 F.3d 1078 (9th Cir. 1995) .......... 4

Gomez v. Countrywide Bank, FSB, 2009 WL 3617650 (D.Nev.) .......... 6

Hendrickson v. Popular Mortgage Servicing, Inc., 2009 WL 1455491 (N.D. Cal.) .......... 6

Intri-Plex Tech., Inc. v. Crest Group, Inc., 499 F.3d 1048 (9th Cir. 2007) .......... 5

Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279 (9th Cir. 1986) .......... 5

Mackovska v. Recontrust Co., N.A. 2013 WL 2152697 (D.Nev.) .......... 10

Mayer v. Mylod, 988 F.2d 635 (6th Cir. 1993) .......... 3

Parks School of Business, Inc. v. Symington, 51 F.3d 1480 (9th Cir. 1995) .......... 5

Sanders v. Kennedy,
794 F.2d 478 (9th Cir. 1986)....3

Schreiber Dist. Co. v. Serv-Well Furniture Co.,
806 F.2d 1393 (9th Cir. 1986)....4

Seiler v. JPMorgan Chase Bank, N.A.,
2012 WL 194428 (D.Nev.)....2

Shwarz v. United States,
234 F.3d 428 (9th Cir. 2000)....5

Swartz v. KPMG LLP,
476 F.3d 756 (9th Cir. 2007)....4

Tubin v. Washington Mut. Sav. Bank,
2011 WL 5834302 (D.Nev.)....2

Vess v. Ciba-Geigy Corp. USA,
317 F.3d 1097 (9th Cir. 2003)....10

Weingartner v. Chase Home Finance, LLC,
702 F.Supp.2d 1276 (D.Nev.; 2010)....5

**State Cases**

Banc of America Leasing & Capital, LLC v. 3 Arch Trustee Services, Inc.,
180 Cal.App.4th 1090 (2009)....6

Collins v. Union Fed.Sav. & Loan Ass'n,
662 P.2d 610 (Nev. 1983)....6

Diediker v. Peelle Financial Corp.,
60 Cal.App.4th 288 (1997)....5, 6

I.E. Associates v. Safeco Title Ins. Co.,
39 Cal.3d 281 (1985)....6

Pro Value Properties, Inc. v. Quality Loan Service Corp.,
170 Cal.App.4th 579 (2009)....6

Residential Capital LLC v. Cal-Western Reconveyance Corp.,
108 Cal.App.4th 807 (2003)....6

**Federal Statutes**

12 U.S.C. §1821(d)(2)(G)(j)(II)....3

Federal Deposit Insurance Act, § 11(d)(2)(G)(i)(II)....3

**State Statutes**

Nevada Revised Statutes
107.080 5(a) .......... 7
107.080, *et seq.* .......... 6
107.087 .......... 6, 7
107.400 to 107.560 .......... 9
107.500 .......... 7, 8
107.500 1 .......... 8
107.510 .......... 8, 9, 10
107.510 - 107.530 .......... 10
107.560 .......... 7, 8, 9, 10
107.560 1 .......... 9
107.560 2 .......... 9

**Rules**

Federal Rules of Civil Procedure
Rule 8(a) .......... 4
Rule 9 .......... 5
Rule 9(b) .......... 4, 10
Rule 12(b)(6) .......... 3, 4, 5

**Other Authorities**

Bill of Rights (N.R.S. 107.400-107.560) .......... 1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This is case where not a single liability count or even theory is properly pleaded against or addressed to TRUSTEE CORPS. Rather, Plaintiffs plead against JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("Chase") or against "defendants" as a "catch all" in trying to assert a cause of action against TRUSTEE CORPS.

Plaintiffs' case arises from claims connected with the start of the foreclosure process and in particular the singular event of recording and serving a notice of default. *Plaintiffs have been in default since June 1, 2010.*

Plaintiffs' action as to TRUSTEE CORPS is defective. In their pleading, Plaintiffs assert a "wrongful foreclosure" claims when no foreclosure has taken place, and the claim is obviously premature. In that count, Plaintiffs claim a violation in not posting the NOD, but nothing is pleaded to show any prejudice therefrom. Plaintiffs also assert claims under Nevada's new Homeowner's Bill of Rights ("HBOR") (N.R.S. 107.400- 107.560). But, Plaintiffs have asserted factually no material violations of HBOR by TRUSTEE CORPS, and their claims for damages under HBOR should be dismissed as not allowed under the applicable provision of HBOR. Finally, Plaintiffs plead in conclusory fashion fraud asserting statements in the Affidavit of Authority attached to the NOD are false but failing to put forth facts to show why the statements are false and failing to put forth facts to show TRUSTEE CORPS' knowing participation in the fraud. Accordingly, the entire complaint should be dismissed without leave to amend as to TRUSTEE CORPS.

## II. STATEMENT OF FACTS

By way of documents for which the Court can take judicial notice, the following has transpired with respect to this non-judicial foreclosure.

A Deed of Trust ("DOT") was recorded on June 21, 2006 in the Storey County Recorder's Office attached to the Request for Judicial Notice ("RJN") as Exhibit 1. The DOT identifies the borrowers as Suzy Hunt and Malcolm Hunt, the lender and beneficiary as Washington Mutual Bank, FA ("WAMU"), and the trustee as California Reconveyance Company ("CalRecon"). The

note is secured by the DOT in the amount $353,500. The referenced real property secured in the DOT is 42 North A Street, Virginia City, NV 89440 (the "Property").

In 2008, the Office of Thrift Supervision ("OTS") took over WAMU with the FDIC acting as receiver. The FDIC subsequently sold the loan assets to Chase. A string of cases in the U.S. District Courts of Nevada explain this occurrence.

> "On September 25, 2008, the Office of Thrift Supervision closed Washington Mutual Bank and the FDIC was appointed as receiver, succeeding to "all rights, titles, powers and privileges of" the failed institution, with the authority to "take over the assets of and operate" the failed institution with all of the powers thereof pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), specifically 12 U.S.C. §§ 1821(d)(2)(A)(I), 1821(d)(2)(B)(I)." Seiler v. JPMorgan Chase Bank, N.A., 2012 WL 194428 *4 (D.Nev.)

> "WaMu, ... failed during the financial upheaval that occurred in 2008 and was taken over by the United States Office of Thrift Supervision, which appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. The FDIC sold WaMu and its assets to Chase pursuant to a Purchase and Assumption Agreement ("P & A Agreement"). Tubin v. Washington Mut. Sav. Bank, 2011 WL 5834302 *1 (D.Nev.)

As to considering the effect of the P& A Agreement, Chase's purchase of WAMU's assets (loans and loan servicing rights), and Chase becoming WAMU's successor interest, the U.S. District Court in Tubin v. Washington Mut. Sav. Bank, 2011 WL 5834302 *1, fn. 1 stated:

> "The Court [may] take judicial notice of these commonly known, verifiable facts and public documents, though Plaintiff does generally allege that J.P. Morgan Chase acquired WaMu and is WaMu's successor in interest." Id.

While Co-Defendant Chase will submit the P& A Agreement and other documents to show the FDIC sold WAMU's loan assets, which encompass this loan, to Chase, and Chase thereby became successor in interest to WAMU, TRUSTEE CORPS also requests the Court take judicial notice of the WAMU sale at, "http:// www.fdic.gov/bank/individual/failed/wamu.html, and the P & A Agreement is at http://www.f dic.gov/about/freedom/Washington_Mutual_P_and_A.pdf." Tubin v. Washington Mut. Sav. Bank, 2011 WL 5834302 *1, fn. 2.

A Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust was recorded on October 12, 2010 in the Storey County Recorder's Office attached to the RJN as Exhibit 2.

A Substitution of Trustee was recorded on December 6, 2010 in the Storey County Recorder's Office. It is attached to the RJN as Exhibit 3. The substitution substituted TRUSTEE CORPS as foreclosure trustee.

A Corporate Assignment of Deed of Trust ("Assignment") was recorded on September 9, 2013 in the Storey County Recorder's Office attached to the RJN as Exhibit 4. The Assignment assigns the DOT to Chase from the Federal Deposit Insurance Corporation, as Receiver of Washington Mutual Bank F/K/A Washington Mutual Bank, FA. The Assignment is intended to memorialize the transfer that occurred by operation of law on September 25, 2008 as authorized by Section 11(d)(2)(G)(i)(II) of the Federal Deposit Insurance Act, 12 U.S.C. §1821(d)(2)(G)(j)(II).

A Substitution of Trustee ("Substitution") was recorded on December 5, 2013 in the Storey County Recorder's Office attached to the RJN as Exhibit 5. The Substitution substituted TRUSTEE CORPS as foreclosure trustee.

A Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust ("NOD") was recorded April 3, 2014, and is attached to the RJN as Exhibit 6.

## III. LEGAL ARGUMENTS

### A. LEGAL STANDARDS APPLICABLE TO MOTIONS TO DISMISS

#### 1. General Pleading Requirements

A motion to dismiss is proper under Fed.R.Civ.P.Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Rule 12(b)(6) allows a defendant "to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything in the alleged complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party, and all material allegations in the complaint are taken to be true. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Clegg v. Cult Awareness Network, 18 F.3d 752, 754-755 (9th Cir. 1994).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is proper only if the pleadings fail to allege enough facts so as to demonstrate a 'plausible entitlement to relief.' Bell Atlantic v. Twombly, 550 U.S. 544, 553-558 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact). Id. Only a complaint that states a plausible claim for relief survives a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2008) *citing* Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

**2. Pleading Requirements for Fraud**

Federal Rule of Civil Procedure 8(a) generally provides that a pleading that sets forth a claim must contain "a short and plain statement of the claim showing the pleader is entitled to relief." However, Federal Rule of Civil Procedure 9(b) requires all allegations of fraud to be stated "with particularity."

To satisfy the additional burdens imposed by Rule 9(b), the plaintiff must allege "the time, place and nature of the alleged fraudulent activities." Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995). In addition, Rule 9(b) "does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding her alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764-765 (9th Cir. 2007) (quotation omitted). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.' "Id., at 765 (quoting Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989)). *See also*, Schreiber Dist. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) (the pleader must allege the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation").

The Complaint sounds in fraud. Plaintiff here has made no attempt to comply with the Rule 9 requirements in the Complaint as to TRUSTEE CORPS. Conclusory allegations of fraud are insufficient.

**3. Construction of Exhibits Referred to in a Complaint or Attached to a Rule 12(b)(6) Motion**

The Court accepts as true the allegations in the complaint and construes them in favor of the plaintiff. Intri-Plex Tech., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1050, n. 2 (9th Cir. 2007). "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court, and may consider documents that are referred to in the complaint whose authenticity no party questions." Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000) (citations omitted).

"[E]xhibits attached to the complaint, as well as matters of public record may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) [*overruled on another ground* in Astoria Federal Sav. and Loan Ass'n v. Solimino, 501 U.S. 104, 107 (1991)]." Carpenter v. FDIC (In re Carpenter), 205 B.R. 600, 604 (9th Cir. BAP 1997). *Copies of officially recorded documents in the office of the Storey County Recorder are attached as Exhibits to the Motion to Dismiss.*

**B. TRUSTEE CORPS HAS NO DUTIES OTHER THAN THOSE SPECIFICALLY STATED IN THE DEED OF TRUST AND IN NEVADA'S NON-JUDICIAL FORECLOSURE STATUTES**

Common law does not impose any additional obligations on the foreclosure trustee other those *specifically* stated in the judicially noticed document above and the governing statutes. *See,* Weingartner v. Chase Home Finance, LLC,702 F.Supp.2d 1276, 1290, 1291 (D.Nev.; 2010) (*quoting* Pro Value Properties, Inc. v. Quality Loan Service Corp., 170 Cal.App.4th 579, 583, 88 Cal.Rptr.3d 381 (2009); and finding no general duty of care, but holding only duty as defined by Nevada foreclosure statutes); Diediker v. Peelle Financial Corp., 60 Cal.App.4th 288, 295, 70 Cal.Rptr.2d 442 (1997). Thus, the scope and nature of the trustee's duties are *exclusively* defined

by the judicially noticed documents above and the governing statutes. Banc of America Leasing & Capital, LLC v. 3 Arch Trustee Services, Inc., 180 Cal.App.4th 1090, 1097-1098, 1104, 103 Cal.Rptr.3d 397 (2009) (trustee's rights, powers, and duties regarding notice of default and sale strictly defined and limited by statutory scheme; Legislature intended to protect trustees from costly litigation, and trustee's statutory duties cannot be expanded by courts). *No other common law duties exist.* Hendrickson v. Popular Mortgage Servicing, Inc., 2009 WL 1455491 at *7 (N.D. Cal.); Gomez v. Countrywide Bank, FSB, 2009 WL 3617650 at *8 (D.Nev.) (*accord*, citing Hendrickson); Pro Value Properties, Inc. v. Quality Loan Service Corp., *supra*, 170 Cal.App.4th at 583; I.E. Associates v. Safeco Title Ins. Co., 39 Cal.3d 281, 287-288, 702 P.2d 596 (1985). *See also*, Diediker v. Peelle Financial Corp., *supra*, 60 Cal.App.4th at 295; Residential Capital LLC v. Cal-Western Reconveyance Corp., 108 Cal.App.4th 807, 827-829, 134 Cal.Rptr.2d 162 (2003) (no common law expansion of tort obligations).

Therefore, because TRUSTEE CORPS' foreclosure duties are defined and limited by statute, in this case, N.R.S. §§ 107.080, *et seq*., no claim against TRUSTEE CORPS arising from its actions taken during the foreclosure process can be stated, as argued further below.

## C. THE FIRST CLAIM FOR WRONGFUL FORECLOSURE, VIOLATION OF N.R.S. 107.087 FAILS AGAINST TRUSTEE CORPS

This count for wrongful foreclosure is *premature* since all that has been recorded is the NOD. No Notice of Sale has been recorded. No [wrongful] foreclosure has occurred.

### 1. Plaintiff Cannot State A Claim For Common Law Wrongful Foreclosure Against TRUSTEE CORPS

> "An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale…Therefore, the material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised." Collins v. Union Fed.Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983)

TRUSTEE CORPS has *never* exercised the power of sale. The Plaintiffs are in default. Consequently, Plaintiffs cannot assert a common law claim for wrongful foreclosure.

///

**2. Plaintiff Cannot State A Claim For Statutory Wrongful Foreclosure Against TRUSTEE CORPS**

"A sale made pursuant to this section must be declared void by any court of competent jurisdiction in the county where the sale took place if: The trustee or other person authorized to make the sale does not substantially comply with the provisions of this section or any applicable provision of NRS 107.086 and 107.087." N.R.S. §107.080 5(a)

TRUSTEE CORPS has *never* exercised the power of sale.

**3. There Is No Violation Of N.R.S. 107.087**

"1. In addition to the requirements of NRS 107.080, if the sale of property is a residential foreclosure, a copy of the notice of default and election to sell and the notice of sale must:

(a) Be posted in a conspicuous place on the property not later than:

(1) For a notice of default and election to sell, 100 days before the date of sale;..."

No notice of sale has been recorded. The NOD has no date of sale stated anywhere on the document (RJN, Ex. 6). There presently is no sale date. Plaintiff merely gives an estimation of the sale date. Nothing more is provided. That falls short of the statute. Even more telling, Plaintiffs have not pleaded how this alleged failing to post has caused them prejudice. Plaintiffs do not deny being mailed the NOD. Consequently, there is no violation of the statute.

**D. THE SECOND CLAIM FOR VIOLATION OF N.R.S. 107.500 FAILS AGAINST TRUSTEE CORPS**

**1. No Damage Claim Can Be Asserted Against Trustee Corps**

Plaintiffs assert "defendants" were not provided with the requisite 30 day letter in violation of N.R.S. §107.500. Plaintiffs contend they have a statutory damage claim for damages against "defendants" for violation of this law (Complaint, ¶27, but that charge is unsupported by the law as to TRUSTEE CORPS. As Plaintiffs acknowledge N.R.S. §107.560 provides the mechanism for bringing a claim for violation of N.R.S. §107.500. N.R.S. §107.560 states in pertinent part:

"1. If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of NRS 107.400 to 107.560, inclusive...

///

> 2. After a trustee's deed upon sale has been recorded…, a borrower may bring a civil action in the district court in the county in which the property is located to recover his or her actual economic damages resulting from a material violation of NRS 107.400 to 107.560, inclusive, by the mortgage servicer, mortgagee, beneficiary of the deed of trust or an authorized agent of such a person,… If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer, mortgagee, beneficiary of the deed of trust or an authorized agent of such a person, the court may award the borrower the greater of treble actual damages or statutory damages of $50,000…
>
> 6. A court may award a prevailing borrower costs and reasonable attorney's fees in an action brought pursuant to this section…"

No foreclosure sale has taken place. Plaintiff's only possible remedy, if any, at this time is an injunction. Therefore, Plaintiffs claim for statutory damages should be dismissed.

**2. <u>There Was No Material Violation of N.R.S. 107.500 By Trustee Corps</u>**

The 30 day letter referenced in the pleading was the responsibility of the mortgage servicer, mortgagee or beneficiary of the deed of trust to mail to Plaintiffs. See, N.R.S. 107.500 1. TRUSTEE CORPS is a foreclosure trustee. Further, the violation could not have been material because in the same complaint, Plaintiffs allege they have an active loan modification pending (Complaint, ¶31). Thus, there is no harm to them if what they state is true. The claim should be dismissed.

**3. <u>Plaintiff's Claims For Attorneys' Fees Should Be Dismissed Against Trustee Corps</u>**

As discussed above, there was no material violation of N.R.S. 107.500 by Trustee Corps. Further, Plaintiffs found it unnecessary to bring an application for an injunction with their complaint. The claim for attorneys' fees should be dismissed.

**E. <u>THE THIRD CLAIM FOR VIOLATION OF N.R.S. 107.510 FAILS AGAINST TRUSTEE CORPS</u>**

**1. <u>No Damage Claim Can Be Asserted Against Trustee Corps</u>**

Plaintiffs assert "defendants" engaged in "dual tracking" in violation of N.R.S. §107.510. Plaintiffs contend they have a statutory damage claim for damages against "defendants" for violation of this law (Complaint, ¶35), but that charge is unsupported by the law as to TRUSTEE CORPS. As Plaintiffs acknowledge N.R.S. §107.560 provides the mechanism for bringing a

claim for violation of N.R.S. §107.510, and no foreclosure sale has occurred. Consequently, no damage claim can be made, and the claims for damages should be dismissed. See, §107.560 1. & 2.

**2. There Was No Material Violation of N.R.S. 107.510 By Trustee Corps**

Plaintiffs believe they submitted an active loan modification application at the time the NOD was recorded (Complaint, ¶31), and therefore, "defendants" violated N.R.S. 107.510 by recording the NOD. They accuse the "defendants" of "dual tracking" (Id., ¶32) N.R.S. 107.510 states in pertinent part:

> "1. A mortgage servicer, mortgagee, trustee, beneficiary of a deed of trust or an authorized agent of such a person may not record a notice of default and election to sell pursuant to subsection 2 of NRS 107.080 or commence a civil action for a foreclosure sale pursuant to NRS 40.430 involving a failure to make a payment required by a residential mortgage loan until:...
>
> (c) The mortgage servicer, mortgagee or beneficiary of the deed of trust complies with NRS 107.520 and 107.530, if the borrower submits an application for a foreclosure prevention alternative offered by, or through, the mortgage servicer, mortgagee or beneficiary."

In the instant case, the mortgage servicer or trust deed beneficiary would have received the loan modification application from Plaintiffs. The mortgage servicer or trust deed beneficiary evaluates the loan modification application, makes the decision on same, addresses the appeal issues and sends out the notices related to the loan modification application. *TRUSTEE CORPS is not involved in any of this process.* It is a foreclosure trustee. Nothing is pleaded *factually* to reflect TRUSTEE CORPS was involved in the loan modification process or what notices it received from the servicer or trust deed beneficiary concerning the status of the loan modification process.

Again, N.R.S. §107.560 states in pertinent part, "1. If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of NRS 107.400 to 107.560, inclusive…" This code section is inapplicable to TRUSTEE CORPS in this instance. The reason is no material violation is pleaded with respect to TRUSTEE CORPS. The loan servicer or trust deed beneficiary directs or instructs the foreclosure trustee to stop, start, resume, or complete the foreclosure process based on the loan servicer or trust deed

beneficiary's status or progress with respect to a loan modification application. TRUSTEE CORPS has no duty to involve itself, evaluate, or second guess what the loan servicer or trust deed beneficiary is doing with respect to loan modification process. It accepts instructions.

In this count and at the end of the count (Complaint, ¶34), Plaintiffs also assert a laundry list of other violations of provisions N.R.S. 107.510 through N.R.S. 107.530. The charges are conclusory and Plaintiffs fail to plead factually TRUSTEE CORPS' connection with or implication in any the charges. Therefore and again, Plaintiffs do not plead any material violation of these provisions triggering the remedies offered under N.R.S. §107.560. Consequently, the third claim should be dismissed.

**3. Plaintiff's Claims For Attorneys' Fees Should Be Dismissed Against Trustee Corps**

As discussed above, there was no material violation of N.R.S. 107.510 by Trustee Corps. Further, Plaintiffs found it unnecessary to bring an application for an injunction with their complaint. The claim for attorneys' fees should be dismissed.

**F. THE FOURTH CLAIM FOR FRAUD FAILS AGAINST TRUSTEE CORPS**

Federal Rules of Civil Procedure, Rule 9(b) requires all allegations of fraud to be stated "with particularity."

"Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).

Rule 9(b) also does not allow a complaint to lump multiple defendants together, but instead, requires a plaintiff to differentiate their allegations when suing more than one defendant and to inform *each* defendant *separately* of the allegations surrounding his alleged participation in the fraud. *See*, Destfino v. Reiswig, 630 F.3d 952, 958 (9th Cir. 2011).

"[A] plaintiff asserting fraud against a corporate [entity] must state the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written…" Mackovska v. Recontrust Co., N.A. 2013 WL 2152697 *5 (D.Nev.).

Here, Plaintiffs have totally ignored the pleading burdens imposed by Rule 9(b) as to

TRUSTEE CORPS. Not a single element of a fraud count is pleaded separately and factually against any person at Trustee Corps. Further, all of the allegations are conclusory and at best pleaded against "Defendants" without factually distinguishing any defendant in Plaintiff's general and non-specific allegations of fraud. For instance, the count asserts false statements were made in the Affidavit of Authority attached to the NOD about Chase in particular. But, there are no specific facts pleaded to show the statements were false and TRUSTEE CORPS knowing participation in the fraud. Thus, the count should be dismissed.

## IV. CONCLUSION

In order to survive a motion to dismiss for failure to state a claim, a complaint must set forth enough facts to state a claim for relief that is plausible on its face. A Court need not permit an attempt to amend a complaint if, as here, it determines that the pleading could not possibly be cured by allegations of other facts. Albrecht v. Lund, 845 F.2d 193, 195-196 (9th Cir. 1988) (no liability as a matter of law); Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (amendment futile). Accordingly, the Complaint as to TRUSTEE CORPS should be dismissed *without leave to amend.*

Dated: July 16, 2014

Burke, Williams & Sorensen, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067

By: */s/ Richard J. Reynolds*
Richard J. Reynolds
Attorneys for Plaintiff

Phillip A. Silvestri
Neal D. Gidvani
SILVESTRI GIDVANI, P.C.
1810 East Sahara Avenue, Suite 1395
Las Vegas, NV 89104

Attorneys for Defendant, MTC FINANCIAL INC., dba TRUSTEE CORPS

**CERTIFICATE OF SERVICE**

Pursuant to L.R., Part II, 5-4, I certify that I am an employee of BURKE, WILLIAMS & SORENSEN, LLP, and that on July 16, 2014, I caused to be served a true copy of the **DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS' MOTION TO DISMISS WITH PREJUDICE THE PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** addressed to all parties and counsel as identified on the Court-generated Notice of Electronic Filing; all counsel being registered to receive CM/ECF Electronic Filing as follows:

- **Richard J. Reynolds** – rreynolds@bwslaw.com, dwetters@bwslaw.com, psoeffner@bwslaw.com, mslobodien@bwslaw.com
- **Jordan J Butler -** jjb@slwlaw.com,cjm@slwlaw.com
- **Karlon J Kidder -** kjk@kidderlawgroup.com
- **Kent F Larsen -** kfl@slwlaw.com,cjm@slwlaw.com

Patti Soeffner

Patti Soeffner

IRV #4816-6517-3276 v1