The Kidder Law Group, LTD.
Karlon J. Kidder, Esq.
State Bar #11622
1311 N. McCarran Suite 102
Sparks, Nevada 89431
(775) 359-1936
(775) 359-1992 (f)
kjk@kidderlawgroup.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MALCOLM AND SUZY HUNT,<br>   *Plaintiffs,*<br> vs.<br>MTC FINANCIAL INC. DBA TRUSTEE CORPS,<br>JPMORGAN CHASE BANK, N.A.,<br>   *Defendants.* | Case No.: 3:14-CV-00359-MMD-WGC<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT** |

COMES NOW Plaintiffs, by and through their attorney KARLON J. KIDDER, ESQ., of The Kidder Law Group, LTD., a Nevada Professional Corporation, and submit this Opposition to the Motion to Dismiss Complaint filed by defendants MTC FINANCIAL INC., DBA TRUSTEE CORPS filed on July 16, 2014.

   This Opposition is supported by all pleadings and papers of record, the points and authorities to follow, and any argument that may be presented on a hearing hereon.

/ / /

/ / /

**POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This case arises out of a Complaint filed in the First Judicial District Court of the State of Nevada, involving claims of a purely state nature, removed to Federal Court based on diversity, and now brought for dismissal by the foreclosure trustee Defendants. Defendant MTC Financial alleges that all the acts complained of are not directed at them, but at the other defendant. This is factually inaccurate as the entire complaint alleges "defendants" and each of them committed the acts complained of. As described in the Complaint, defendant MTC Financial was the party that filed the Notice of Default on behalf of JPMORGAN CHASE which singular act violated the relevant state statutes. Defendant MTC Financial is as or more culpable in this singular act than the other defendant.

Plaintiffs' claims have not been discredited, are valid, allege facts which if true would entitle them to the relief requested, and therefore should not be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**II. LEGAL ARGUMENT**

**A.    LEGAL STANDARD**

Motions to dismiss are disfavored. *See, e.g., United States v. City of Redwood City,* 640 F.2d 964 (9th Cir. 1981) (the accepted rule is a complaint is not to be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [citations omitted]. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (U.S. 2007). This remains the rule in federal courts. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008). It is not a burdensome one. *See, e.g., Johnson v. Riverside Healthcare System, LP,* 534 F.3d 1116, 1122 (9th Cir. 2008). Rule 12 is viewed in the same light as Rule 1 — which articulates the primary goal of a just adjudication on the merits. *See, e.g., Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The rigorous standard applicable to motions to dismiss is consistent

with Fed.R.Civ.P. 1 and NRCP 1, i.e., the strong policy of "deciding cases on their merits." *Marcuse v. Del Webb Communities, Inc.,* 123 Nev.Adv. Op. 30, 163 P.3d 462, 468 (2007); *quoting State, Dep't of Mtr. Vehicles v. Moss,* 106 Nev. 866, 868, 802 P.2d 627, 628 (1990).

If a Complaint is deemed defective, an opportunity to amend should be afforded. *Public Utility Dist. No. 1 of Grays Harbor County Wash. v. IDACORP Inc.,* 379 F.3d 641 (9th Cir. 2004). Plaintiffs hereby request an opportunity to amend the Complaint pursuant to Fed.R.Civ.P. 15(a), should the Court view the Complaint as defective. A court should "freely give leave to amend when justice so requires." *See, e.g., Keniston v. Roberts,* 717 F.2d 1295, 1300 (9th Cir. 1983).

### B. WRONGFUL FORECLOSURE CLAIMS

*MTC FINANCIAL, INC. VIOLATED THE REQUIREMENTS OF NRS 107*

Plaintiffs have alleged, and have evidence that the requirements of "the homeowner's bill of rights" were violated by each defendant. Plaintiffs intend to prove that several violations of the newly amended statutes were violated. Most relevant to the instant motion to dismiss is NRS 107.510(1) which provides:

> 1. A mortgage servicer, mortgagee, ***trustee***, beneficiary of a deed of trust or an authorized agent of such a person ***may not record*** a notice of default and election to sell pursuant to subsection 2 of NRS 107.080 or commence a civil action for a foreclosure sale pursuant to NRS 40.430 involving a failure to make a payment required by a residential mortgage loan until:
> (a) The mortgage servicer, mortgagee or beneficiary of the deed of trust has satisfied the requirements of subsection 1 of NRS 107.500;
> (b) Thirty calendar days after initial contact is made with the borrower as required by subsection 2 or 30 calendar days after satisfying the requirements of subsection 5; and
> (c) The mortgage servicer, mortgagee or beneficiary of the deed of trust complies with NRS 107.520 and 107.530, if the borrower submits an application for a foreclosure prevention alternative offered by, or through, the mortgage servicer, mortgagee or beneficiary.

Here, the moving defendant was acting as the foreclosure trustee and is therefore subject to NRS 107.510(1). Defendant MTC FINANCIAL, INC DBA TRUSTEE CORPS cannot escape that the statue establishes liability for all of the parties involved in the foreclosure

process, whether they were the beneficiary of the deed of trust on down to the agent acting on their behalf. In the Complaint, the Plaintiffs, specifically allege that defendant MTC FINANCIAL INC. was the party that filed the Notice of Default in the Storey County Recorder's Office on or about April 3, 2014 as Document No. 120169. The Notice of Default is *prima facie* evidence of defendant's willful violation of NRS 107. At a minimum there is enough plausible evidence to survive the motion to dismiss standard.

  **C. FRAUD CLAIM**

  Any recitation that the Complaint does not specify facts which meet the requirements of *Bell Atlantic v. Twombly*, 550 U.S. 544, 553-558, 127 S.Ct. 1955, 167 L.Ed.2d 723 (1983) is simply inaccurate. Additionally, the moving Defendant has requested that the honorable Court take Judicial Notice of several recorded documents at Docket #10. Specifically, Exhibit 2 of that request is the Notice of Default. The same Notice of Default that is specifically referenced in the Complaint. The Notice of Default states that "MTC FINANCIAL DBA TRUSTEE CORPS is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary…" This party is the party which filed the Notice of Default specifically by "CHRIS CRUZ" for MTC FINANCIAL DBA TRUSTEE CORPS. This document speaks for itself and includes all of the information required under Fed. Rules Civ. Proc. 9(b). The Complaint, including this cause of action, alleges, dates, places, parties, and specific conduct which are the basis for the fraud claim. Plaintiffs have alleged facts with enough specificity to preclude dismissal based on FRCP 12(b)(6). It was MTC Financial's employee or agent that made the statement under oath which includes the alleged fraudulent representations.

  **III. CONCLUSION**

  Based upon the foregoing arguments, Plaintiffs request that the Motion to Dismiss BE DENIED.

DATED this 1st day of August, 2014.

                                                                                     _____
Karlon J. Kidder, Esq.
Attorney for Plaintiff
State Bar # 11622

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the forgoing document was served on opposing counsel, listed below, on the 2nd day of August 2014 via the Court's Electronic Service System.

Richard J. Reynolds, Esq.
BURKE, WILLIAMS, AND SORENSON LLP
1851 E. First Street, Suite 1550
Santa Ana, CA 92705

Phillip A. Silvestri, Esq.
SILVESTRI GIDVANI, P.C.
1810 E. Sahara Ave., Suite 1395
Las Vegas, NV 89104
Attorneys for Moving Defendants

Jordan J. Butler, Esq.
Kent F. Larsen, Esq.
WRIGHT, FINLAY & ZAK, LLP.
5532 South Fort Apache Road #110
Las Vegas, NV 89418
Attorneys for Defendant JP Morgan Chase

      /s/Desiree Holler_____
Desiree Holler,
an Employee of The Kidder Law Group, LTD.