Richard J. Reynolds, Esq.
Nevada Bar No. 11864
E-mail: rreynolds@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067
Tel: 949.863.3363   Fax: 949.863.3350

Phillip A. Silvestri (SBN 11276)
E-mail: psilvestri@silgid.com
Neal D. Gidvani (SBN 11382)
E-mail: ngidvani@silgid.com
SILVESTRI GIDVANI, P.C.
1810 East Sahara Avenue, Suite 1395
Las Vegas, NV 89104
Tel: 702.979.4597   Fax: 702.933.0647

Attorneys for Defendant, MTC FINANCIAL INC.
dba TRUSTEE CORPS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MALCOLM AND SUZY HUNT,<br><br>                  Plaintiff,<br><br>vs.<br><br>MTC FINANCIAL, INC. DBA TRUSTEE CORPS, JPMORGAN CHASE BANK, N.A.<br><br>                  Defendants. | Case No. 3:14-cv-00359-MMD-WGC<br><br>**DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS' REPLY MEMORANDUM TO OPPOSITION (DOC 14) MOTION TO DISMISS WITH PREJUDICE (DOC 9) THE PLAINTIFF'S COMPLAINT** |

Defendant MTC FINANCIAL INC. dba TRUSTEE CORPS ("TRUSTEE CORPS"), by and through its counsel of record, hereby replies to Plaintiffs' Opposition to TRUSTEE CORPS' Motion to Dismiss the Complaint including the First, Second, Third, and Fourth Causes of Action *with prejudice* for failure to state a claim upon which relief may be granted.

This reply is based upon the Memorandum of Points and Authorities submitted herewith, and upon all pleadings, papers and documents on file herein, together with those matters of which judicial notice has been requested, and any oral argument which may be presented at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Opposition provides no assistance in support of the Complaint. The Complaint and each cause of action therein fail to state a claim against TRUSTEE CORPS. Further, it is "over the top" to assert TRUSTEE CORPS is a culpable actor when all that is revealed factually in Plaintiffs' operative pleading is that TRUSTEE CORPS is merely a *ministerial* actor.

No facts are pleaded to show TRUSTEE CORPS had any involvement in the loan servicing or had knowledge of the loan servicing with respect to Plaintiffs' loan, other than TRUSTEE CORPS' *bare knowledge* of what the loan servicer may have communicated to TRUSTEE CORPS in order to start, stop, postpone, resume, or complete a foreclosure.

TRUSTEE CORPS has no duty to supervise, manage, or oversee the conduct of the loan servicer, and more specifically the loan servicer's conduct with respect to communicating issues related mortgage foreclosure prevention alternatives to borrowers. There are no facts pleaded to show TRUSTEE CORPS took on the duties of a loan servicer. If such duties legally existed for a foreclosure trustee, TRUSTEE CORPS would no longer just be a foreclosure trustee, but it would also become a loan servicer. This is not the intent of the law.

Additionally, under the second and third claims, damages are not statutorily allowed since there has been no sale. Also, attorneys' fees are discretionary under the second and third claims. The attorneys' fees claims should be dismissed because the filing of the complaint was not out of

///

any immediate need to stop a sale, and there has never been a need to apply for a temporary restraining order or preliminary injunction. Indeed, the latter was never filed.

## II. PLAINTIFFS HAVE NOT PLEADED A FIRST CLAIM FOR WRONGFUL FORECLOSURE FOR VIOLATION OF NRS 107.087 AGAINST TRUSTEE CORPS

Plaintiffs' Opposition does not put forth any written argument in support of their first claim. Since there are no arguments made to oppose the motion to dismiss as to the first claim, the Court is respectfully requested to grant TRUSTEE CORPS' motion with prejudice.

## III. PLAINTIFFS' SECOND CLAIM FOR VIOLATION OF NRS 107.510 1, FOR THE VIOLATION OF NRS 107.500 FAILS TO STATE A CLAIM AGAINST TRUSTEE CORPS

Plaintiffs' theory of "liability" (i.e. damages?) against TRUSTEE CORPS is grounded on TRUSTEE CORPS recording a Notice of Default in "willful" violation of NRS 107. *Not a single a fact is pleaded to show any "willful"* violation of NRS 107 by TRUSTEE CORPS. The notice given to a borrower referenced in NRS 107.500 is a notice to be sent out by the loan servicer.[1]

If such notice is not sent in violation of NRS 105.510 1., N.R.S. §107.560 states in pertinent part:

> "1. If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of NRS 107.400 to 107.560, inclusive…
>
> 2. After a trustee's deed upon sale has been recorded…, a borrower may bring a civil action in the district court in the county in which the property is located to recover his or her actual economic damages resulting from a material violation of NRS 107.400 to 107.560, inclusive, by the mortgage servicer, mortgagee, beneficiary of the deed of trust or an authorized agent of such a person,… If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer, mortgagee, beneficiary of the deed of trust or an authorized agent of such a person, the court may award the borrower the greater of treble actual damages or statutory damages of $50,000…
>
> 6. A court may award a prevailing borrower costs and reasonable attorney's fees in an action brought pursuant to this section…"

The key here concerns whether TRUSTEE CORPS' conduct was "material" or substantial in allegedly violating NRS 105.510 1. The notice referenced in NRS 107.500 (1) is a notice with

///

---

[1] Plaintiff refers to this notice as the "30 day letter" before recording the Notice of Default.

details concerning the loan in default including a summary of account to be sent out *by the loan servicer* prior to the recording the Notice of Default.

As pleaded, the purported violation of NRS 107.510 1 [recording a Notice of Default by TRUSTEE CORPS] allegedly prior to the loan servicer's alleged compliance with NRS 107.500 (1) is not pleaded as a material violation of NRS 107.510 1since nothing is pleaded factually to show TRUSTEE CORPS had any involvement at all with preparing and sending out a notice pursuant to NRS 107.500 (1), or that TRUSTEE CORPS had any knowledge that the loan servicer complied with the statute beyond bare knowledge which may have been conveyed by the loan servicer necessary to start, stop, postpone, resume, or completeg a foreclosure. TRUSTEE CORPS has no duty to manage, oversee, or exercise quality control to insure the loan servicer's compliance with its duties. Otherwise, the result is the foreclosure trustee assumes loan servicing duties. Further, any alleged violation as stated above could not have been material because Plaintiffs plead when this alleged violation occurred, Plaintiffs had an active loan modification application pending. (Complaint,¶31). Consequently, no alleged harm was caused or can be pleaded under the second claim for the loan servicer failing to send them a "30 day letter", and the second claim should be dismissed in its entirety.

Further, since no sale has taken place, a claim for damages neither exists nor can be pleaded pursuant to N.R.S. §107.560 (Complaint, ¶27). The claim for damages is requested to be dismissed with prejudice. Further, the claim for attorneys' fees is discretionary under N.R.S. §107.560. The claim should be dismissed against TRUSTEE CORPS for all the reasons stated above. Additionally, the Notice of Default was recorded April 3, 2014, and the complaint was not filed until three months later in June, 2014. Plaintiff does not plead the necessity for an immediate injunction or even the necessity for immediately having to file the complaint. Indeed, no application for injunction has been filed. Thus, the claim for attorneys' fees should be dismissed against TRUSTEE CORPS.

/ / /

/ / /

/ / /

IV. **THE THIRD CLAIM FOR VIOLATION OF N.R.S. 107.510 1.C FAILS AGAINST TRUSTEE CORPS**

Plaintiffs claim that TRUSTEE CORPS recorded the Notice of Default in violation of NRS 107.510 1.(c) by recording the Notice of Default while there was an active loan modification application pending. Plaintiffs contend TRUSTEE CORPS conduct was a "willful" violation, but Plaintiffs plead no facts whatsoever to show "willful" violation of NRS 107.510 1.(c) by TRUSTEE CORPS.

Again, Plaintiffs cannot plead damages. NRS. §107.560 provides the mechanism for bringing a claim for violation of N.R.S. §107.510. No foreclosure sale has occurred, so no damages are permitted. Consequently, no damage claim can be made, and the claims for damages should be dismissed (Complaint, ¶35). See, NRS §107.560 1. & 2.

Again, Plaintiffs cannot plead attorneys' fees, which are discretionary. Plaintiffs found it unnecessary to bring an application for an injunction with their complaint. The Notice of Default was recorded April 3, 2014, and the complaint was not filed until three months later in June, 2014. Plaintiff does not plead the necessity for an immediate injunction or even the necessity for immediately having to file the complaint. Indeed, no application for injunction has been filed. Thus, the claim for attorneys' fees should be dismissed against TRUSTEE CORPS.

Finally, Plaintiffs cannot plead any violation of N.R.S. 107.510 1.(c) for dual tracking under N.R.S. 107.560 against TRUSTEE CORPS. N.R.S. §107.560 states in pertinent part, "1. If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a *material* violation of NRS 107.400 to 107.560, inclusive…" (emphasis added.)

N.R.S. §107.560 requires the violation be *material*. Again, nothing is pleaded *factually* to reflect TRUSTEE CORPS was involved in the loan modification process or what notices it received from the loan servicer or trust deed beneficiary concerning the status of the loan modification process. The loan servicer or trust deed beneficiary directs or instructs the foreclosure trustee to stop, start, resume, or complete the foreclosure process based on the loan servicer or trust deed beneficiary's status or progress with respect to a loan modification application. The status or progress a loan servicer makes with respect to a loan modification

application is not necessarily communicated to a foreclosure trustee beyond just communicating bare facts for the foreclosure trustee to carry out its ministerial duties. TRUSTEE CORPS has no duty to involve itself, evaluate, or second guess what the loan servicer or trust deed beneficiary is doing with respect to a loan modification application and related process. Otherwise, it takes on the duties of a loan servicer.

### V.    THE FOURTH CLAIM FOR FRAUD FAILS AGAINST TRUSTEE CORPS

In their Opposition, Plaintiffs incredibly assert they properly plead a fraud claim because such claim is based on what is stated in the Notice of Default and then provide no further analysis to support fraud (Opp., p. 4, lns. 14-21). According to Plaintiffs, the Notice of Default "speaks for itself." However, a careful perusal of the Complaint reflects no attempt to plead the elements of fraud.

> "The elements of intentional misrepresentation or common law fraud in Nevada are: (1) a false representation made by the defendant; (2) defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) plaintiff's justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance. *See Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev.1992)." Nebab v. Bank of America, N.A., 2012 WL 2860660 *4 (D.Nev.).

The pleading claims false representations made by "Defendants" as to the Affidavit attached to the Notice of Default. The complaint does not plead what each specific representative of a specific defendant represented that was false. The "Defendants" are lumped together with respect to making alleged false representations. This is unacceptable.

Plaintiffs do not plead factually how TRUSTEE CORPS purportedly knew the facts asserted or represented about Defendant Chase National Bank, N.A. ("Chase") were allegedly false. This element of fraud is missing, so fraud is not pleaded.

Plaintiffs factually plead nowhere in the count that they justifiably relied on any representation made in the Notice of Default. Again, fraud is not pleaded.

Finally, damages are not factually pleaded. A foreclosure sale did not occur and Plaintiffs plead no monetary losses. Thus, the count should be dismissed with prejudice.

///

## VI. CONCLUSION

In order to survive a motion to dismiss for failure to state a claim, a complaint must set forth enough facts to state a claim for relief that is plausible on its face. A Court need not permit an attempt to amend a complaint if, as here, it determines that the pleading could not possibly be cured by allegations of other facts. Albrecht v. Lund, 845 F.2d 193, 195-196 (9th Cir. 1988) (no liability as a matter of law); Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (amendment futile). Accordingly, the Complaint as to TRUSTEE CORPS should be dismissed *without leave to amend.*

Dated: August 12, 2014

Burke, Williams & Sorensen, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067


By: */s/ Richard J. Reynolds*
    Richard J. Reynolds
    Attorneys for Plaintiff

Phillip A. Silvestri
Neal D. Gidvani
SILVESTRI GIDVANI, P.C.
1810 East Sahara Avenue, Suite 1395
Las Vegas, NV 89104

Attorneys for Defendant, MTC FINANCIAL INC., dba TRUSTEE CORPS

# CERTIFICATE OF SERVICE

Pursuant to L.R., Part II, 5-4, I certify that I am an employee of BURKE, WILLIAMS & SORENSEN, LLP, and that on August 12, 2014, I caused to be served a true copy of the **DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS' REPLY MEMORANDUM TO OPPOSITION (DOC 14) MOTION TO DISMISS WITH PREJUDICE (DOC 9) THE PLAINTIFF'S COMPLAINT** addressed to all parties and counsel as identified on the Court-generated Notice of Electronic Filing; all counsel being registered to receive CM/ECF Electronic Filing as follows:

- **Richard J. Reynolds** – rreynolds@bwslaw.com, dwetters@bwslaw.com, psoeffner@bwslaw.com, mslobodien@bwslaw.com
- **Jordan J Butler** - jjb@slwlaw.com, cjm@slwlaw.com
- **Karlon J Kidder** - kjk@kidderlawgroup.com
- **Kent F Larsen** - kfl@slwlaw.com, cjm@slwlaw.com

_/s/ Patti Soeffner_
Patti Soeffner

IRV #4816-6517-3276 v1