1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                         DISTRICT OF NEVADA
8                                * * *
9   MALCOLM AND SUZY HUNT,                  Case No. 3:14-cv-00359-MMD-WGC
10                          Plaintiffs,                    ORDER
11        v.                                (Def. MTC Financial, Inc.'s Motion to
                                                 Dismiss – dkt. no. 9)
12  MTC FINANCIAL, INC., dba TRUSTEE
    CORPS, JPMORGAN CHASE BANK,
    N.A.,
13
                            Defendants.
14

15  **I.      SUMMARY**

16        Before the Court is Defendant MTC Financial, Inc. dba Trustee Corps' ("Trustee

17  Corps") Motion to Dismiss ("Motion"). (Dkt. no. 9.) For the reasons discussed below, the

18  Motion is granted in part and denied in part.

19  **II.     BACKGROUND**

20        Plaintiffs Malcolm and Suzy Hunt purchased real property located at 42 North A

21  Street in Virginia City, Nevada. (Dkt. no. 10-1.)[1] The Deed of Trust, which named

22  _____

23        [1]The Court takes judicial notice of the following documents in Trustee Corp's
    Request for Judicial Notice (dkt. no. 10): (1) Deed of Trust recorded on June 21, 2006;
24  (2) Notice of Default and Election to Sell recorded on October 12, 2010; (3) Substitution
    of Trustee recorded on December 6, 2010; (4) Corporate Assignment of Deed of Trust
25  recorded on September 9, 2013; (5) Substitution of Trustee recorded on December 5,
    2013; and (6) Notice of Default and Election to Sell recorded on April 3, 2014. All of the
26  documents were recorded in Storey County, Nevada, and Plaintiffs neither oppose the
    request nor contest the authenticity of the documents. *See Lee v. City of Los Angeles*,
27  250 F.3d 668, 689 (9th Cir. 2001) (explaining that under Fed. R. Evid. 201 a court may
    judicially notice matters of public record unless the matter is a fact subject to reasonable
28  dispute).

Washington Mutual Bank as the lender, was recorded on June 21, 2006. (*Id.*) A Corporate Assignment of the Deed of Trust was recorded on September 9, 2013, memorializing the assignment of the Deed of Trust from the Federal Deposit Insurance Corporation, as receiver of Washington Mutual Bank, to JP Morgan Chase Bank, N.A. (Dkt. no. 10-4.) On December 5, 2013, a Substitution of Trustee was recorded substituting Trustee Corps as foreclosure trustee to the beneficiary of the Deed of Trust. (Dkt. no. 10-5.)

Trustee Corps executed a Notice of Breach of Default and Election to Cause Sale of Real Property Under Deed of Trust ("Notice of Default"), which was recorded on April 3, 2014. (Dkt. no. 1-2 at 3; dkt. no. 10-6.) The Notice of Default stated that Plaintiffs failed to make payments that became due on June 1, 2010. Attached to the Notice of Default was an "Affidavit of Authority in Support of Notice of Default and Election to Sell [N.R.S. § 107.080]" ("the Affidavit") sworn by Susanna M. Forehlich, Vice President of JPMorgan Chase Bank. (Dkt. no 10-6.) It is unclear to the Court whether a notice of sale under NRS § 107.080(4) was subsequently recorded and whether the property sold in a non-judicial foreclosure sale.

Plaintiffs filed the instant action on June 3, 2014, in the First Judicial District Court of the State of Nevada in and for the County of Storey. (Dkt. no 1-2.) Defendants removed this action on July 10, 2014. (Dkt. no. 1.)

Plaintiffs named JPMorgan Chase Bank and Trustee Corps as Defendants, and allege three claims for wrongful foreclosure and a fourth claim for fraud. Trustee Corps seek to dismissal of all four claims.

## III.   LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of

1   what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555

2   (internal quotation marks and citation omitted). While Rule 8 does not require detailed

3   factual allegations, it demands more than "labels and conclusions" or a "formulaic

4   recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

5   (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise

6   above the speculative level." *Twombly*, 550 U.S. at 555. When determining the

7   sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and

8   construe the pleadings in the light most favorable to the non-moving party[; however, this

9   tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations."

10  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation

11  marks omitted). Thus, to survive a motion to dismiss, a complaint must contain sufficient

12  factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at

13  678 (internal quotation marks omitted).

14        In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to

15  apply when considering motions to dismiss. First, a district court must accept as true all

16  well-pleaded factual allegations in the complaint; however, legal conclusions are not

17  entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements

18  of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

19  Second, a district court must consider whether the factual allegations in the complaint

20  allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the

21  plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that

22  the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does

23  not permit the court to infer more than the mere possibility of misconduct, the complaint

24  has "alleged — but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal

25  quotation marks omitted). When the claims in a complaint have not crossed the line from

26  conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A

27  complaint must contain either direct or inferential allegations concerning "all the material

28  ///

1  elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562

2  (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

3  **IV.   DISCUSSION**

4  　　　　**A.   Wrongful Foreclosure Claims**

5  　　　　Plaintiffs bring three distinct statutory wrongful foreclosure claims alleging

6  violations of NRS § 107.087 (first claim), NRS § 107.500 (second claim), and NRS §

7  107.510 (third claim). However, Plaintiffs' response to the Motion only addresses the

8  third claim. Plaintiffs are deemed to have consented to granting the Motion with respect

9  to the first two claims. L.R. 7-2(d); *see Abbott v. United Venture Capital, Inc.*, 718 F.

10  Supp. 828, 831 (D. Nev. 1989). Accordingly, the Court will only address the third claim

11  for wrongful foreclosure in violation of NRS § 107.510.

12  　　　　Plaintiffs allege that Trustee Corps violated two provisions of NRS § 107.510

13  contained within Nevada's *Homeowners Bill of Rights* (S.B. 321), codified at NRS §§

14  400-560 (2013). First, Plaintiffs contend that Trustee Corps violated NRS §

15  107.510(1)(a) by improperly recording the Notice of Default. NRS § 107.510(1)(a) states,

16  in pertinent, that:

17  　　　　A mortgage servicer, mortgagee, trustee, beneficiary of the deed of trust,
　　　　or an authorized agent of such a person may not record a notice of default
18  　　　　and election to sell pursuant to subsection 2 of NRS 107.080 … until … (a)
　　　　[t]he mortgage servicer, mortgagee or beneficiary of the deed of trust has
19  　　　　satisfied the requirements of subsection 1 of NRS 107.500.

20  NRS § 107.500(1) in turn requires that, at least thirty (30) days before commencing a

21  foreclosure, the mortgage servicer, mortgagee, or beneficiary of the deed of trust must

22  mail the borrower a statement that contains a summary of the account, explains the right

23  of the beneficiary of the deed of trust to cause the trustee to exercise the power of sale,

24  and discusses available foreclosure prevention alternatives. NRS § 107.500(1).

25  　　　　Second, Plaintiffs allege that Trustee Corps violated Nevada's prohibition against

26  "dual tracking," which occurs when the lender pursues both foreclosure prevention

27  alternatives and foreclosure consecutively. This prohibition is established at NRS §

28  107.510(1)(c):

1
2
3
4

> A mortgage servicer, mortgagee, trustee, beneficiary of the deed of trust, or an authorized agent of such person may not record a notice of default and election to sell pursuant to subsection 2 of NRS 107.080 … until … (c) [t]he mortgage servicer, mortgagee or beneficiary of the deed of trust complies with NRS 107.520 and 107.530, if the borrower submits an application for a foreclosure prevention alternative offered by, or through, the mortgage servicer, mortgagee or beneficiary.

5   In the situation where a borrower submits an application for a foreclosure prevention

6 alternative through the borrower's mortgage servicer, mortgagee, or beneficiary of the

7 deed of trust, NRS § 107.530 prohibits these entities from recording a notice of default

8 and election to sell until certain conditions are fulfilled that bring the foreclosure

9 prevention process to a conclusion. NRS § 107.530(1).

10       Here, Plaintiffs assert that they never received a "30 day letter." (Dkt. no. 1-2 at

11 7.) Plaintiffs also allege that Trustee Corps engaged in "dual tracking" because Plaintiffs

12 had an "active loan modification application under review as outlined in NRS 107.520

13 and 107.530" at the time Trustee Corps recorded the Notice of Default. (Dkt. no. 1-2 at

14 9.) Construing the facts in the light most favorable to Plaintiffs, these allegations support

15 the inference that (1) the statement required under NRS § 107.500 was not mailed to

16 Plaintiffs before Trustee Corps recorded the Notice of Default and (2) Plaintiffs' loan

17 modification was "active" in the sense that Plaintiffs submitted an application for a

18 foreclosure alternative and the process had not yet reached a conclusion under NRS §

19 107.530.

20       Trustee Corps argues that it is the loan servicer's and trust deed beneficiary's

21 duty to comply with NRS §§ 107.500 and 107.530 since they would be involved in the

22 loan modification process while the foreclosure trustee has no involvement or

23 responsibility in that process. Trustee Corps' argument is contrary to the express

24 language of the statute. NRS § 107.510, the statute that forms the basis of Plaintiff's

25 claim, expressly includes "trustee" as well as the servicer and the deed of trust

26 beneficiary among covered entities. In the context of mortgage foreclosure, "trustee" can

27 only mean the foreclosure trustee. Thus, NRS § 107.510 unambiguously covers the

28 foreclosure trustee. *See Diamond v. Swick*, 28 P.3d 1087, 1089 (Nev. 2001) (holding

1   that when a statute is unambiguous effect must be given to the plain meaning of its

2   words).

3       Construing NRS § 107.510 to cover the foreclosure trustee is also consistent with

4   the legislative intent. The Nevada legislature enacted the *Homeowner's Bill of Rights* in

5   response to "predatory and illegal practices by mortgage servicers and outside firms

6   hired by mortgage servicers" for the purpose of providing Nevada homeowners with "fair

7   and honest treatment in the servicing of mortgage loans in default." S.B. 321, Nev. 77th

8   Reg. Sess. (2013). By expressly including "trustee" in NRS § 107.510, the legislature

9   demonstrated an intent to place an affirmative responsibility on the trustee to ensure that

10  the requirements of NRS §§ 107.500 and 107.530 have been satisfied before the trustee

11  records the notice of default and election to sell pursuant to NRS § 107.080(2). *See id.*

12  ("Section 13 of this bill prohibits . . . 'dual-tracking' by prohibiting a mortgage servicer,

13  trustee, mortgagee or beneficiary of a deed to trust from continuing the foreclosure

14  process while an application for a foreclosure prevention alternative is pending or while

15  the borrower is current on his or her obligation under a foreclosure prevention

16  alternative"); *see also We the People Nev. Ex rel. Angle v. Miller*, 192 P.3d 1166, 1170-

17  71 (Nev. 2008) ("When the Legislature's intent is clear from the plain language, this court

18  will give effect to such intention and construe the statute's language to effectuate rather

19  than nullify its manifest purpose.")

20      Plaintiffs have stated a plausible claim for relief under NRS § 107.510 against

21  Trustee Corps. Trustee Corps' request to dismiss the third claim is denied.

22      Trustee Corps also argues that Plaintiffs' remedy should be limited to injunctive

23  relief under NRS § 170.560 and that Plaintiffs should not be entitled to attorney's fees.

24  Because it is unclear whether a non-judicial foreclosure sale occurred, the Court

25  declines to address these arguments at this time.

26  **B.    Fraud**

27      The Court construes Plaintiffs' fourth claim entitled "fraud" as an allegation of

28  fraudulent misrepresentation. To state a claim for fraudulent misrepresentation, a plaintiff

6

must allege five elements: (1) the defendant made a false representation; (2) the defendant knew or believed that the representation was false; (3) the defendant intended to induce the plaintiff to act or to refrain from acting in reliance on the misrepresentation; (4) the plaintiff justifiably relied on the misrepresentation; and (5) the plaintiff suffered damages from the reliance. *Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (1992).

Federal Rule of Civil Procedure 9(b) requires parties to "state with particularity the circumstances constituting fraud or mistake." To satisfy this standard, a plaintiff must plead "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1066 (9th Cir. 2004)). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.* at 764-65 (internal quotation marks and alterations omitted). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Id.* (internal quotations and alterations omitted).

The Complaint alleges that the Affidavit of JPMorgan Chase Bank's Vice President contains several false statements relating to JPMorgan Chase Bank's authority to authorize the sale. (Dkt. no. 1-2 at 10.) An obvious deficiency is Plaintiffs' lumping of all the Defendants together. Plaintiffs have failed to adequately notify Trustee Corps of its alleged role in the fraud. For example, Plaintiffs have provided insufficient facts to establish Trustee Corps' role in making the alleged false representations or even how Trustee Corps knew or believed the Affidavit contained false representations. Moreover, Plaintiffs have not adequately pleaded each element of the fraud claim. Specifically, Plaintiffs have failed to allege that Trustee Corps intended to induce Plaintiffs to act or refrain from acting or that Plaintiffs justifiably relied on the alleged false statements. Accordingly, Plaintiffs have failed to state a claim upon which relief can be

granted and this claim is dismissed. However, because the Court cannot find that amendment would be futile, the Court will grant leave to amend. Fed. R. Civ. P. 15(a); *Forman v. Davis*, 371 U.S. 178, 182 (1962).

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motions.

It is therefore ordered that Defendant's Motion to Dismiss (dkt. no. 9) is granted in part and denied in part, as follows:

(1)    granted as to the first and second claims;

(2)    denied as to the third claim; and

(3)    granted as to the fourth claim. Dismissal of the fourth claim is without prejudice and with leave to amend. Plaintiffs must submit an amended complaint within fifteen (15) days of this order. Failure to submit an amended complaint by this deadline will result in dismissal of this claim with prejudice.

DATED THIS 20th day of March 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE